**WILLIAM KING, JR.**            *
930 Hopewell road
Downingtown, Pennsylvania 19335            *

        *Plaintiff,*            *

     v.            *

                *

**200 WEST CHERRY STREET, LLC**            *
**d/b/a THE NAUTI-GOOSE SALOON**
c/o MARVIN ANTHONY OSBORNE            *
2593 Pulaski Highway
North East, MD 21901            *

                *

**TTS PROPERTIES, INC.**
c/o EDWIN B. FOCKLER, III            *
205 East Main Street
Elkton, Maryland 21921            *

**ANCHOR BOATS, INC.**            *
c/o EDWARD E. TRAINER
Rt. 272            *
North East, Maryland 21901

                *

**RICKY WOOLLENS**
Individually, and in his capacity as a            *
Maryland State Trooper
Maryland State Police            *
Barrack F – North East
2433 Pulaski Highway            *
North East, Maryland 21901

                *

**MARCUS BROWN**
Individually, and in his capacity as Former            *
Superintendent of the Maryland State Police
Maryland State Police            *
1201 Reisterstown Road
Pikesville, MD 21208            *

**STATE OF MARYLAND**            *
c/o NANCY K. KOPP, State Treasurer
Office of State Treasurer            *
Louis L. Goldstein Treasury Building
80 Calvert Street, Room 109            *
Annapolis, MD 21401

IN THE

CIRCUIT COURT

FOR

CECIL COUNTY

CASE NO.: 07-C-16000229

MARYLAND STATE POLICE                    *
c/o WILLIAM PALLOZZI, Superintendent     *
1201 Reisterstown Road
Pikesville, Maryland 21208

       *Defendants.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, William King, Jr. (hereinafter, "Plaintiff"), by his undersigned attorneys, hereby files this Complaint. Counsel states as follows:

## JURISDICTION AND VENUE

1.    This Court has fundamental jurisdiction and subject matter jurisdiction over this case.

2.    Cecil County is the proper venue for this action pursuant to Maryland Code Ann., Courts & Judicial Proceeding Article §§ 6-201 and 6-202.

3.    Plaintiffs have provided timely notice to the appropriate Defendants pursuant to the Maryland Tort Claims Act, Md. Code Ann., State Gov't §§ 12-101.

## PARTIES

4.    William King, Jr. ("Plaintiff") is a twenty-nine year-old male and a resident of Downingtown, Pennsylvania.

5.    200 West Cherry Street, LLC d/b/a The Nauti-Goose Saloon ("Defendant Nauti-Goose") is a restaurant and bar with its principal place of business located in Cecil County at 200 W. Cherry Street, North East, Maryland 21901.

6.    TTS Properties, Inc. ("Defendant TTS") is a corporation that owned the premises known as 200 W. Cherry Street, North East, Maryland 21901 ("the Premises") at all times relevant to this Complaint.

2

7.     Anchor Boats, Inc. ("Defendant Anchor") is a corporation, which owned the Nauti-Goose Saloon located at 200 W. Cherry Street, North East, Maryland 21901 and the premises located at 200 W. Cherry Street, North East, Maryland 21901 at all times relevant to this Complaint.

8.     Ricky Woollens ("Defendant Woollens") was, at all times relevant to this Complaint, a duly authorized agent, servant, and/or employee of Maryland State Police working out of Barrack F, 2433 West Pulaski Highway, North East, Maryland 21901. He is sued in this case in his individual capacity and also in his official capacity as an agent, servant and/or employee of the State of Maryland.

9.     Marcus Brown ("Defendant Brown"), was, at all times relevant to this Complaint, the Superintendent of the Maryland State Police. In his capacity as Superintendent, Defendant Brown acted under the color of state law each time he exercised final policy-making authority for the police department; established the policies and procedures for screening, hiring, training, monitoring, and supervising police officers / state troopers; and enforced the duties, conduct, and discipline of police officers / state troopers and other employees. Defendant Brown acted as an agent, servant, and/or employee of the Maryland State Police as well as the State of Maryland, and acted within the scope of his employment. He is sued in this case in his individual capacity and also in his official capacity as an agent, servant and/or employee of the State of Maryland.

10.     The Maryland State Police ("Defendant MSP") is a political subdivision and government agency of the State of Maryland. Defendant MSP, through its agents, servants, and employees, hired, supervised, and trained each identified and unidentified officer named in this Complaint. By virtue of its status as a governmental entity that exercised the power delegated by the State of Maryland, Defendant MSP acted under the color of state law when it hired,

3

supervised, and retained, each officer named in this Complaint.

11.     The State of Maryland ("Defendant State"), is a municipal corporation and governmental entity within the meaning of the federal and Maryland State Constitutions. The Governor appoints the Superintendent of the MSP with the advice and consent of the Maryland General Assembly. Defendant State, through its departments, agents, servants and or employees, conducted certain police functions within the geographical borders of the State of Maryland. The MSP is an executive department of the Maryland State Government which was responsible for and through its agents, servants and/or employees undertook police functions in Cecil County. Defendant Woollens and Defendant Brown were agents, servants or employees of the MSP and the State of Maryland during the subject encounter giving rise to the various claims asserted herein. Defendant State is accordingly named as a substitute party defendant under the Maryland State Tort Claims Act, Maryland Annotated Code, *State Government Article* §§ 12-101, *et seq* and Md. Rule 2-241.

## FACTS COMMON TO ALL COUNTS

12.     In the late night hours of August 23, 2013, Plaintiff went to The Nauti Goose Saloon with several friends and was a lawful patron/business invitee at Defendant Nauti Goose's bar. The Nauti Goose Saloon has several different areas where patrons can enjoy food and drinks, including a covered seating area, an upper deck and a lower deck. During the course of the night, Plaintiff and his friends split up and went to different areas of the bar.

13.     At approximately 12:43am on August 24, 2013, security asked one of Plaintiff's friends to leave the bar. Plaintiff's friend complied. Because Plaintiff's friend was asked to leave, Plaintiff followed planning to leave.

14.     As Plaintiff was leaving the bar, Plaintiff's friends were already in the parking lot.

4

As Plaintiff entered the parking lot, there was an argument occurring between Plaintiff's friends and security personnel employed by Defendant Nauti-Goose, including Defendant Woollens.

15.    During this argument, Defendant Woollens identified himself as a Maryland State Trooper. Defendant Woollens wore his Maryland State Police badge on his belt and carried his firearm and handcuffs.

16.    As Plaintiff walked toward his friends, security personnel from The Nauti Goose pushed Plaintiff to the ground. Plaintiff posed no threat as Plaintiff was unarmed, did not attack anyone nor did he attempt to attack anyone. Security personnel pushed Plaintiff to the ground simply for walking toward the area of the parking lot where his friends were arguing with security personnel. Despite being pushed to the ground, Plaintiff stood up and was able to briefly regain balance.

17.    Suddenly, Defendant Woollens grabbed Plaintiff and lifted Plaintiff into the air above Defendant Woollens' head. Defendant Woollens swiftly slammed Plaintiff's head to the concrete pavement. Defendant Woollens smashed Plaintiff's head to ground with such force that patrons located more than one hundred feet away - on the lower deck inside of the restaurant - heard the thud. Plaintiff was immediately rendered unconscious.

18.    While Plaintiff lay motionless and bleeding from the ear, Defendant Woollens handcuffed Plaintiff.

19.    As a result of being viciously knocked unconscious by Defendant Woollens, Plaintiff suffered catastrophic injuries, including, but not limited to, a fractured bone in the ride side of his skull, a fractured plate in the middle of his skull, a fractured in right eye socket, a fractured bone in the rear area of the side of his skull, a concussion, severe bleeding behind his skull, and severe mental anguish.

1344-002/ 321662

20.     Plaintiff was charged with second degree assault, trespass, disorderly conduct, failure to obey, and resisting arrest in Cecil County District Court case number 4K00065839, *State of Maryland v. William King*. Plaintiff and the State agreed to proceed via a not guilty statement of facts on the disorderly conduct count in Cecil County Circuit Court case number 07K14000102. Judge Whelan imposed a sentence of probation before judgement on April 20, 2015. On May 15, 2015, Judge Whelan discharged Plaintiff's probation without the imposition of a judgement of conviction.

21.     At the time of the incident and at all relevant times herein, it was known or should have been known to Defendants Nauti-Goose, TTS, Anchor, Brown and State and their agents and/or employees that Defendant Woollens was prone to using excessive force based on available information. This available information includes, but is not limited to, information indicating Defendant Woollens unjustifiably inflicted significant injuries to an elderly man, John Hodgson, including a fracture of the right side of his skull near his cheekbone and ear, a fractured joint in the roof of his jaw, multiple and displaced fractures near the right side of his nose, a fractured right eye socket with displaced bone, a nasal fracture on the right, and three fractured ribs.

22.     Despite Defendants' knowledge of the foreseeability of excessive force being used by Defendant Woollens, Defendants failed to take action to protect the public and their invitees, including Plaintiff.

23.     As a direct result of the defendants' actions, Plaintiff has also suffered serious and permanent injuries, incurred medical bills, and has suffered severe mental anguish.

24.     Plaintiff in no way consented to, contributed to, or acted in a manner to justify this brutal assault.

6

1344-002/ 321662

25.     The force utilized by Defendants Woollens against the Plaintiff was unjustified, unreasonable, and undertaken without legal justification.

## COUNT I: Battery

### Plaintiff Against All Defendants

26.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

27.     Plaintiff asserts that Defendants Woollens, serving as an agent, servant, and/or employee of Defendants Nauti-Goose, TTS Properties, Anchor, Brown, MSP, and State, engaged in intentional acts of unlawful conduct with the Plaintiff such that the Plaintiff sustained serious and permanent injuries.

28.     Defendants Woollens utilized unreasonable, unlawful and excessive force by, among other things, lifting Plaintiff above his head and forcibly slamming Plaintiff's head to the pavement.

29.     Plaintiff in no way consented to the described contact by Defendant Woollens; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Woollens to act as he did; and did nothing to contribute to the unlawful touching that Defendant Woollens inflicted upon him.

30.     Because the conduct of Defendant Woollens was undertaken without just legal justification, he was not privileged to the initiate the use of force as law enforcement personnel.

31.     As a direct and proximate result of the battery perpetrated by Defendant Woollens, Plaintiff sustained significant injuries, medical bills, psychological damages, and additional economic injuries.

32.     **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the

1344-002/ 321662

Defendants in an amount greater than $75,000.00 plus costs and interest.

<strong><u>COUNT II: False Arrest</u></strong>

<strong>Plaintiff Against All Defendants</strong>

33.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

34.     Defendant Woollens did not have any lawful authority, reasonable suspicion, and/or probable cause to believe that Plaintiff had engaged in any crime, had obstructed or hindered any good faith police effort, or had resisted arrest in any way.

35.     Defendant Woollens acted as an agent, servant, and/or employee of Defendants Nauti-Goose, TTS Properties, Anchor, Brown, MSP, and State when he employed excessive force, arrested, detained, and imprisoned Plaintiff without reasonable suspicion or probable cause to believe he had committed any criminal offenses. Further, Plaintiff did not have the freedom to leave during this detention, arrest, and imprisonment.

36.     Defendant Woollens, serving as an agent, servant, and/or employee of Defendants Nauti-Goose, TTS Properties, Anchor, Brown, MSP, and State, helped generate a Statement of Probable Cause aimed at prompting criminal charges against Plaintiff. Defendant Woollens misstated material facts and/or negligently omitted material and thereby persuaded a magistrate or district court judge that probable cause existed to support the arrest of Plaintiff.

37.     As a result of these acts, Plaintiffs sustained physical, emotional, mental, and financial injuries, including, but not limited to, abrasions, contusions, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses. Moreover, Defendants deprived Plaintiff of his liberty and property without cause, in contravention of the Maryland State Constitution.

1344-002/ 321662

38.   The Defendants' conduct lacked any legal rationale and premised on actual malice and ill will. They intended to harm Plaintiff when they employed excessive force, arrested, detained, and imprisoned Plaintiffs for criminal offenses in which the Plaintiffs had not participated.

39.   **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

### COUNT III: Malicious Prosecution

#### All Plaintiffs Against All Defendants

40.   Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

41.   Defendant Woollens, serving as an agent, servant, and/or employee of Defendants Nauti-Goose, TTS Properties, Anchor, Brown, MSP, and State, maliciously and without probable cause, instituted and/or continued a criminal proceeding against Plaintiff in Cecil County District Court case number 4K00065839, *State of Maryland v. William King*. Defendant Woollens made materially false statements and omitted material facts, thereby demonstrating ill will and improper motive.

42.   This case was resolved in Plaintiff's favor.   Specifically, Judge Whelan discharged a period of probation without imposing judgment.

43.   As a result of Defendants' conduct, Plaintiffs suffered mental anguish, humiliation, disgrace, loss of dignity, as well as monetary losses for lost wages, legal fees, and other costs and expenses.

44.   **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

9

## COUNT IV: Gross Negligence

### All Plaintiffs Against All Defendants

45.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

46.     Defendants engaged in intentional, willful, and wanton misconduct with a reckless disregard for human life as well as the Plaintiff's rights. They inflicted bodily injury upon Plaintiff with utter indifference when Defendant Woollens, serving as an agent, servant, and/or employee of Defendants Nauti-Goose, TTS Properties, Anchor, Brown, MSP, and State, lifted Plaintiff above his head and slammed Plaintiff's head into the ground.

47.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, abrasions, contusions, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses.

48.     Defendants' conduct lacked legal justification and remained motivated by ill will and actual malice.

49.     **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

### COUNT V: Maryland Declaration of Rights Article 24 – Excessive Force

### Plaintiff Against Defendants Woollens, Brown, MSP, and State

50.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

51.     The Defendants violated the Plaintiff's civil rights and due process rights as set

1344-002/ 321662

forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, employed excessive force upon Plaintiff, illegally detained and arrested Plaintiff, falsely imprisoned Plaintiff, and unlawfully deprived Plaintiff of his liberty and property.

52.     Defendant Woollens acted as the Defendants Brown, MSP, and State's agent, servant, and/or employee, when he employed excessive force, arrested, detained, and imprisoned the Plaintiff without reasonable suspicion or probable cause to believe he had committed any criminal offenses. Further, the Defendants employed excessive force, detained, arrested, and imprisoned the Plaintiff without legal basis or justification, and Plaintiff did not have the freedom to leave during the detention, arrest, and imprisonment.

53.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, fractures, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses. Moreover, Defendants deprived Plaintiff of his liberty and property without cause, in contravention of the Maryland State Constitution.

54.     The Defendants' conduct lacked any legal rationale and premised on actual malice and ill will. They intended to harm Plaintiff when they employed excessive force, arrested, detained, and imprisoned Plaintiff for criminal offenses in which the Plaintiff had not participated.

55.     **WHEREFORE,** Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

### COUNT VI: Maryland Declaration of Rights Article 24 – Illegal Arrest

#### Plaintiff Against Defendants Woollens, Brown, MSP, and State

56.     Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

57.     The Defendants violated the Plaintiff's civil rights and due process rights as set forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, employed excessive force upon Plaintiff, illegally detained and arrested Plaintiff, falsely imprisoned Plaintiff, and unlawfully deprived Plaintiff of his liberty and property.

58.     Defendant Woollens acted as the Defendants Brown, MSP and State's agent, servant, and/or employee, when he employed excessive force, arrested, detained, and imprisoned the Plaintiff without reasonable suspicion or probable cause to believe he had committed any criminal offenses. Further, the Defendants employed excessive force, detained, arrested, and imprisoned the Plaintiff without legal basis or justification, and Plaintiff did not have the freedom to leave during the detention, arrest, and imprisonment.

59.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, fractures, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses. Moreover, Defendants deprived Plaintiff of his liberty and property without cause, in contravention of the Maryland State Constitution.

60.     The Defendants' conduct lacked any legal rationale and premised on actual

12

malice and ill will. They intended to harm Plaintiff when they employed excessive force, arrested, detained, and imprisoned Plaintiff for criminal offenses in which the Plaintiff had not participated.

61.     **WHEREFORE,** Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

## COUNT VII: Maryland Declaration of Rights Article 24 – False Imprisonment

### Plaintiff Against Defendants Woollens, Brown, MSP, and State

62.     Plaintiffs incorporate and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

63.     The Defendants violated the Plaintiff's civil rights and due process rights as set forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, employed excessive force upon Plaintiffs, illegally detained and arrested Plaintiffs, falsely imprisoned Plaintiff, and unlawfully deprived Plaintiff of his liberty and property.

64.     Defendant Woollens acted as Defendant Brown, MSP and State's agent, servant, and/or employee, when he employed excessive force, arrested, detained, and imprisoned the Plaintiff without reasonable suspicion or probable cause to believe he had committed any criminal offenses. Further, the Defendants employed excessive force, detained, arrested, and imprisoned the Plaintiff without legal basis or justification, and Plaintiff did not have the freedom to leave during the detention, arrest, and imprisonment.

65.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and

13

expenses of medical and legal proceedings, lost wages, and other expenses. Moreover, Defendants deprived Plaintiff of his liberty and property without cause, in contravention of the Maryland State Constitution.

66.     The Defendants' conduct lacked any legal rationale and premised on actual malice and ill will. They intended to harm Plaintiff when they employed excessive force, arrested, detained, and imprisoned Plaintiff for criminal offenses in which the Plaintiff had not participated.

67.     **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

### COUNT VIII: Maryland Declaration of Rights Article 24 – Deprivation of Liberty & Property

### Plaintiff Against Defendants Woollens, Brown, MSP, and State

68.     Plaintiff incorporates and adopt each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

69.     The Defendants violated the Plaintiff's civil rights and due process rights as set forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, employed excessive force upon Plaintiff, illegally detained and arrested Plaintiff, falsely imprisoned Plaintiff, and unlawfully deprived Plaintiff of his liberty and property.

70.     Defendant Woollens acted as Defendant Brown, MSP, and State's agent, servant, and/or employee, when he employed excessive force, arrested, detained, and imprisoned the Plaintiff without reasonable suspicion or probable cause to believe he had committed any criminal offenses. Further, the Defendants employed excessive force, detained, arrested, and imprisoned the Plaintiff without legal basis or justification, and Plaintiff did not have the

14

1344-002/ 321662

freedom to leave during the detention, arrest, and imprisonment.

71.     As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses. Moreover, Defendants deprived Plaintiff of his liberty and property without cause, in contravention of the Maryland State Constitution.

72.     The Defendants' conduct lacked any legal rationale and premised on actual malice and ill will. They intended to harm Plaintiff when they employed excessive force, arrested, detained, and imprisoned Plaintiff for criminal offenses in which Plaintiff had not participated.

73.     **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

## COUNT IX: NEGLIGENCE: Hiring, Training, Retention and/or Supervision

### Plaintiff Against Defendants Brown, MSP, and State

74.     Plaintiff incorporates herein by this reference and re-alleges the preceding and following paragraphs.

75.     Defendants Brown, MSP, and State maintained a duty to use reasonable care in hiring, training and supervising individuals competent and fit to perform the duties of a police officer.

76.     Defendants Brown, MSP, and State knew or should have known that Defendant Woollens was unfit for his duties because he unlawfully and unconstitutionally arrested, detained and used excessive force on John Hodgson and Plaintiff, among others.

15

77.     Defendants Brown, MSP, and State knew or should have known that Defendant Woollens would come into contact with the public. By virtue of Defendants Brown, MSP, and State's negligent hiring, training and supervision, the risk that Defendant Woollens would violate the constitutional rights of Plaintiff was foreseeable.

78.     **WHEREFORE**, Plaintiff demands that judgment be entered against Defendants in the amount greater than $75,000.00 in compensatory damages, plus costs and interest.

## COUNT X: Negligence – Security

### Plaintiff Against Defendants Nauti-Goose, TTS Properties, Inc., and Anchor Boats

79.     Plaintiff incorporates herein by this reference and re-alleges the preceding and following paragraphs.

80.     As owners, managers, operators, and security providers for the Premises, Defendants each had a duty of care to Plaintiff. This duty required them to use reasonable and appropriate care and take appropriate measures to provide safe and adequate security at the Premises, restrict the dangerous conduct of individual on their premises, and protect Plaintiff from foreseeable dangers on their premises.  Defendants knew or should have known that excessive force on the part of Defendant Woolens was foreseeable in light of his past history of violence, including, but not limited to, his unjustifiable beating of Mr. Hodgson.  Despite knowledge of the foreseeability of violence by Defendant Woollens on their premises. Defendants failed to take reasonable and appropriate measures to protect Plaintiff.

81.     Defendants breached their duties by failing to ensure Plaintiff's safety at the time Plaintiff was present on the Premises.  Defendants, individually and through their actual and apparent agents and employees, failed to provide reasonably well-trained individuals to provide security measures in a safe and proper manner.  Defendants took no reasonable and appropriate

16

measures to avoid Plaintiff's injuries despite ample opportunity to do so and breached their duties to provide a reasonably safe environment. Defendants acts and omissions amounted to failure to use ordinary care and was the proximate cause of Plaintiff's injuries.

82.     Defendants had the ability to prevent this incident by providing proper security at the Premises, including, but not limited to, preventing individuals with a history of using excessive force from serving as security guards on the Premises. Further, Defendants failed to follow any internal policies and procedures on handling incidents and occurrences such at this one and/or they failed to have adequate internal policies and procedures on how to handle these incidents and occurrences.

83.     At all times, the individuals providing security services and/or working at the Premises, including, but not limited to, Defendant Woollens, were employed or otherwise acted as actual or apparent agents, servants or employees of the Defendants and acted within the scope of their employment and in furtherance of Defendants' interests.

84.     Defendants had actual knowledge and/or constructive knowledge of the dangerous conditions on their property and the lack of proper security. Plaintiff could not, by exercising any degree of ordinary care, discover the dangerous conditions of the Defendants' property.

85.     As detailed *supra* and incorporated herein, Defendants breached their duties to Plaintiff, which proximately caused Plaintiff to incur damages, including significant pain and suffering, death, medical and funeral expenses, and other damages.

86.     Plaintiff did not contribute to his injuries or damages.

87.     **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

17

## COUNT XI – NEGLIGENCE: Hiring, Training, Retention and/or Supervision

**Plaintiff Against Defendants Nauti-Goose, TTS Properties, Inc., and Anchor Boats**

88.     Plaintiff incorporates herein by this reference and re-alleges the preceding and following paragraphs.

89.     As owners, managers, operators, and security providers for the Premises, Defendants, individually and through the acts of their actual or apparent agents, servants, and/or employees, each had a duty of care to Plaintiff.  Defendants had a duty to use reasonable care to select employees and/or agents who were competent and fit to perform their duties, including their duties to provide a safe and secure environment.  Defendants had a further duty to train their employees and/or agents, retain competent and fit employees and/or agents, and properly supervise their employees and/or agents in providing a safe and secure environment for persons on its premises.

90.     Defendants, individually and through the acts of their actual or apparent agents, servants, and/or employees, breached their duties by failing to use reasonable care to select employees and/or agents that were competent and fit for the positions of providing security on its premises, in failing to properly train their employees and/or agents, failing to retain competent and fit employees and/or agents, and failing to properly supervise their employees and/or agents in providing security on their premises.

91.     Defendants breached their duties to Plaintiff, which proximately caused Plaintiff to incur damages, including significant pain and suffering.

92.     Had Defendants properly hired, trained, retained, and supervised their employees and/or agents in how to prevent individuals a history of excessive force from serving as security guards, maintain and continuously monitor video surveillance of all areas of the Premises, alert

18

police immediately upon properly recognizing a potentially violent situation or person and/or immediately when an incident begins, properly restrain the perpetrator and/or control the situation when an incident begins, and monitor, patrol, and otherwise oversee the activity at the Premises and provide proper security measures, the incident would not have occurred and Plaintiff would not have been injured as alleged. Further, Defendants failed to follow any internal policies and procedures on handling such incidents and occurrences and/or they failed to have adequate internal policies and procedures on how to handle these incidents and occurrences.

93.     As detailed *supra* and incorporated herein, Defendants breached their duties to Plaintiff, which proximately caused Plaintiff to incur damages, including significant pain and suffering, and other damages.

94.     Plaintiff did not contribute to his injuries or damages.

95.     **WHEREFORE,** Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

### COUNT XII Negligence – Failure to Warn

**Plaintiff Against Defendants Nauti-Goose, TTS Properties, Inc., and Anchor Boats**

96.     Plaintiff incorporates herein by this reference and re-alleges the preceding and following paragraphs.

97.     As owners, managers, operators, and security providers for the Premises, Defendants each had a duty of care to Plaintiff. Plaintiff was an invitee. Defendants' duties required them to use reasonable and appropriate care and take appropriate measures to provide safe and adequate security at the Premises, restrict the dangerous conduct of individuals on their premises, and protect Plaintiff from foreseeable dangers on their premises. Despite knowledge of the dangers of violence by Defendant Woollens on their premises, Defendants failed to take

19

reasonable and appropriate measures to restrict the dangerous conduct of individuals on their premises.

98.     Defendants had a duty to warn Plaintiff of foreseeable dangers on their premises. Defendants knew or should have known of the potential for violent acts by Defendant Woollens on their premises.  Despite knowledge of the foreseeability of such acts based on the information available, Defendants failed to provide an adequate and timely warning to Plaintiff.  Defendants had ample time to warn Plaintiff of the dangers as they were or should have been aware of the lack of property security measure.  Defendants were desirous of hiding these known and foreseeable risks so that individuals would come to their premises and purchase products and services.

99.     Defendants breached their duties by failing to advise Plaintiff of known or reasonably discoverable dangerous conditions at their property, including dangerous persons serving as security personnel on or about their property.  Further, Defendants failed to follow any internal policies and procedures on handling such incidents and occurrences and/or they failed to have adequate internal policies and procedures on how to handle these incidents and occurrences.

100.    Defendants had actual knowledge and/or constructive knowledge of the dangerous conditions on their property.  Plaintiff could not, by exercising any degree of ordinary care, discover the dangerous conditions of Defendants' property.

101.    As detailed *supra* and incorporated herein, Defendants breached their duties to Plaintiff, which proximately caused Plaintiff to incur damages, including significant pain and suffering, and other damages.

102.    Plaintiff did not contribute to his injuries or damages.

103.    **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the

Defendants in an amount greater than $75,000.00 plus costs and interest.

## COUNT XIII - Negligence – Negligent Misrepresentation

### Plaintiff Against Defendants Nauti-Goose, TTS Properties, Inc., and Anchor Boats

104.    Plaintiff incorporates herein by this reference and re-alleges the preceding and following paragraphs.

105.    As owners, managers, operators, and security providers for the Premises, Defendants each had a duty of care to Plaintiff to transmit accurate information. The statements, express and implied, that Defendants' property and premises were safe, and that security personnel was adequately hired, trained, supervised, and retained.

106.    Defendants were negligent in the assertion of these false statements, primarily through their actual and/or apparent agents, servants and/or employees. Careful investigation by Defendants would have revealed that these statements were false.

107.    Specifically, Defendants knew or should have known that dangerous individuals, such as Defendant Woollens, served as security personnel and representations that security measures had been implemented making their premises safe were false and misleading. Rather than properly inform Plaintiff of these dangers and the likelihood of violent acts and injuries on their premises, they made statements, expressed and implied, that there premises were safe prior to and at the time of this incident. Further, Defendants failed to follow any internal policies and procedures on handling such incidents and occurrences and/or they failed to have adequate internal policies and procedures on how to handle these incidents and occurrences.

108.    The statements made by Defendants were made with the intention of having individuals, including Plaintiff, act and rely upon the statements in an effort to induce people to come on the premises and spend money at the various businesses

1344-002/321662

109.   Defendants knew, or should have known, that Plaintiff was relying upon the Defendants' negligent statements and that Plaintiff would incur damages.

110.   Plaintiff did justifiably rely upon the statements of the Defendants.

111.   As detailed *supra* and incorporated herein, Defendants breached their duties to Plaintiff, which proximately caused Plaintiff to incur damages, including significant pain and suffering, and other damages.

112.   Plaintiff did not contribute to his injuries or damages.

113.   **WHEREFORE**, Plaintiffs demand that this Court enter judgment against the Defendants in an amount greater than $75,000.00 plus costs and interest.

Respectfully submitted,

William H. Murphy, Jr.
Jason Downs
Murphy, Falcon & Murphy, PA
One South Street, 23rd Floor
Baltimore, Maryland 21202
(410) 951-8744
*Attorneys for Plaintiff*

[Remainder of Page Intentionally Left Blank]

## DEMAND FOR JURY TRIAL

Plaintiffs, by undersigned counsel, hereby demand a trial by jury.

Jason Downs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2016, a copy of the foregoing Second

Amended Complaint and Demand for Jury Trial and Comparison Copy was served via first-

class, postage pre-paid, mail upon:

Phillip M. Piekus, Esquire
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, MD 21208
*Attorneys for State Defendants*

Thomas L. Kemp, Esquire
Kemp & Kemp, P.A.
141 East Main Street
Elkton, MD 21921
*Attorneys for TTS Properties, Inc. and Anchor Boats, Inc. Defendants*

200 West Cherry Street, LLC d/b/a The Nauti-
Goose Saloon
c/o Marvin Anthony Osborne
2593 Pulaski Highway
North East, MD 21901
*Defendant*

Jason Downs

1344-002/ 321662